Filed 6/23/14  In re T.R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re T.R., a Person Coming Under the Juvenile Court Law. | H039845 (Santa Clara County Super. Ct. No. JV39538) |
| THE PEOPLE, Plaintiff and Respondent, v. T.R., Defendant and Appellant. | |

Minor T.R. appeals from the disposition order of the juvenile court, which followed a probation violation hearing.  T.R.'s appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues are raised.  On January 1, 2014, we notified T.R. of his counsel's brief.  We gave T.R. leave to file, within 30 days, a brief or letter stating any grounds or argument he might wish to have considered by this court.  That time has elapsed and T.R. has not submitted a letter or brief.  We have reviewed the entire record and find no arguable issues.  Accordingly, we affirm the juvenile court's disposition order.

*Proceedings in the Juvenile Court*

On September 19, 2012, the Santa Clara County District Attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602 (602 petition). In the petition the district attorney alleged that (1) T.R. carried alcohol in a vehicle while under the age of 21 in violation of Vehicle Code section 23224, subdivision (a), a misdemeanor (count one); (2) T.R. drove while under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (a), a misdemeanor (count two); and (3) T.R. drove with a blood alcohol level of 0.08 or more in violation of Vehicle Code section 23152, subdivision (b), a misdemeanor (count three). On October 29, 2012, after the juvenile court informed T.R. of his constitutional rights and he waived those rights, T.R admitted the charges in counts one and three and the district attorney moved to dismiss count two. The court accepted T.R's admissions and found the allegations in the petition to be true.[1] The court set a disposition hearing for October 29, 2012.

On October 29, 2012, the juvenile court adopted the recommendations in the probation officer's report that the court place T.R. under the supervision of a probation officer for six months without the court declaring T.R. a ward of court.[2] (Welf &. Inst. Code, § 725.) Among other things, the court ordered that T.R. participate in drug/alcohol counseling, anger management counseling, and/or individual counseling. Further, the court ordered that T.R. not use or possess or be under the influence of any form of a controlled or illegal substance, and that T.R. submit to random drug and alcohol testing at least twice a month. In addition, the court ordered that T.R. complete 40 hours of public service work by February 15, 2013, and that he attend school regularly with no unexcused absences.

---

[1] The court dismissed count two.

[2] The court made some minor modifications to the recommendations and then adopted the recommendations as so modified.

Subsequently, at a compliance hearing held on February 15, 2013, T.R.'s probation officer alleged that T.R. had failed to complete his public service work, had violated his no alcohol/drug condition, had failed to enroll in substance abuse counseling and failed to attend a Mothers Against Drunk Driving presentation as ordered by his probation officer. The probation officer recommended that T.R. be adjudged a ward of the court. The court continued the matter to March 22, 2013. On March 22, 2013, the court continued the matter to April 29, 2013. The probation officer's memorandum submitted to the court for the March 22, 2013 hearing indicates that T.R.'s positive *drug* tests were the result of prescription medication that T.R was taking and not due to illegal drug use. T.R.'s probation officer noted that T.R had been attending substance abuse counseling on a regular basis and was scheduled to complete his public service work. Accordingly, the probation officer stated "this Officer is not opposed to [T.R.'s] remaining on Probation without Wardship."

On May 28, 2013, at a contested hearing held to decide whether T.R. had failed on probation and should be adjudged a ward of court, T.R.'s counsel did not contest the probation officer's allegations that T.R. had violated his no alcohol/drug condition three times as revealed by three urine tests that indicated he had consumed alcohol while he was on probation; that T.R. had failed to complete substance abuse counseling and had been terminated from the program; and that T.R. had accumulated six unexcused absences from school since March 22, 2013. However, counsel argued that the court did not have jurisdiction to declare T.R. a ward of court because T.R.'s probation had expired. Counsel did not provide the court with any authority for this proposition.

After hearing from counsel, the juvenile court expressed its concern that T.R. was still consuming alcohol. The court found that T.R. had failed to comply with the conditions of probation that the court had imposed. The court adjudged T.R. a ward of the court and continued him on probation on the same terms and conditions.

Our independent review shows that T.R. received all notices required by law. At all times T.R. was ably represented by independent counsel. The record shows that T.R. consulted with counsel before admitting the allegations of the 602 petition and that his admissions were not made until after he received the appropriate warnings and admonitions.

Substantial evidence supports the juvenile court's findings; T.R. failed to comply with several of the conditions of his probation. We find no error in the disposition.[3]

We conclude that because of counsel's compliance with the *Wende* procedure and our review of the record, T.R. has received adequate and effective appellate review of the juvenile court's findings and orders entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 112–113.)

*Disposition*

The juvenile court's disposition order is affirmed.

---

[3] If a minor fails to comply with the conditions of probation, the court may adjudge the minor to be a ward of the court. (Welf. & Inst. Code, § 725(a).) Thus, if the court is dissatisfied with a minor's performance on a prewardship grant of probation, it may reinstitute the wardship proceedings. The minor is then entitled to an evidentiary hearing on whether he or she violated the terms of probation and a disposition hearing, including notice and a current social study. (*In re Deon W.* (1998) 64 Cal.App.4th 143, 146.) All of these requirements were satisfied in this case.

4

_____

ELIA, J.

WE CONCUR:



_____

PREMO, Acting P. J.



_____

MIHARA, J.